UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANDRE JOHNSON (#375946)                               CIVIL ACTION

VERSUS

                                                      20-122-BAJ-RLB

HERMAN HOLMES

ORDER

This matter comes before the Court on the Plaintiff's Emergency Motion to Have Defendant Produce "Undisputed" Video Recording Footages and Emergency Motion to Reconsider Appointment of Counsel (R. Doc. 24). With regards to the production of video recordings, this matter was addressed at the Pretrial Conference on April 6, 2022. By separate order, the court has ordered the defendant to inquire as to the whether the videos listed as Plaintiff's Exhibits B-F were preserved and/or were provided to or copies made by a third party. Defendant is to advise the Court of his findings by filing a Notice of Compliance. Accordingly, until that information has been provided, the plaintiff's Motion will be denied in this regard as premature.

With regards to the plaintiff's request for reconsideration of appointment of counsel, the Court has the authority to "request" an attorney to represent the plaintiff under 28 U.S.C. § 1915(e)(1), and the extra-statutory authority to order an attorney to do so in rare circumstances. *Naranjo v. Thompson*, 809 F.3d 793, 804 (5th Cir. 2015). A civil rights complainant has no right to the automatic appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court may appoint counsel "if doing so would advance the proper administration of justice," *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989), but appointment of counsel is not required "unless the case presents exceptional circumstances."

*Ulmer*, 691 F.2d at 212. In determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination. *Id*. at 213.

In the instant case, the Court finds that "exceptional circumstances" requiring the appointment of counsel are not apparent at this time. Plaintiff's Complaint is neither factually nor legally complex, and no other factors in *Ulmer* are found to require the appointment of counsel. Plaintiff has set out the factual basis for his claim in his Complaint, as amended, and this pleading and others reflect that Plaintiff understands the proceedings and can address the issues presented. Plaintiff has been provided with the benefit of Court-ordered discovery and can use these materials to cross-examine Defendant and prepare for trial.

Additionally, it does not appear that any great skill will be needed to cross-examine the witnesses in connection with the issues in this case. *Pro se* plaintiffs are given great flexibility in the examination of witnesses, and Plaintiff has adequately presented his case thus far.

Further, to the extent that Plaintiff asserts that he has a limited knowledge of the law, this is true of nearly every prisoner who prosecutes a *pro se* lawsuit. For this reason, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). This Court is liberal in reviewing the pleadings and motions filed by *pro se* inmates pursuant to § 1983, giving inmates ample opportunity to amend if necessary and granting extensions of time to comply with Court Orders.

Accordingly, in light of the Court's liberal construction of prisoner § 1983 pleadings and motions, coupled with the lack of complexity of the legal issues in this case, together with

Plaintiff's apparent ability to litigate this action *pro se*, the Court finds that the appointment of counsel would be of marginal service to the Court in this case and would not significantly assist Plaintiff in the examination of the witnesses or in the sharpening of the issues for trial. Therefore, having considered the factors set forth in *Ulmer*, *supra*, the Court finds that the appointment of counsel is not required or warranted in this case. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (R. Doc. 24) is **DENIED IN PART as PREMATURE** with regards to the plaintiff's request for production of video recordings.

**IT IS FURTHER ORDERED** that in all other regards the Plaintiff's Motion (R. Doc. 24) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 11, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**