RECEIVED
MAY 22 2023
Legal Programs Department

SCANNED at LSP and Emailed
5-22-23 by UB . 15 pages
date      initials   No.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDRE JOHNSON/#375946 | : | CIVIL ACTION |
| *Plaintiff* | : | |
| VERSUS | : | NUMBER: 3:20-CV-122-BAJ-RLB |
| | : | |
| HERMAN HOLMES, ET AL. | : | |
| *Defendants* | | |

## MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff Andre Johnson/#375946, pursuant to 28 U.S.C. § 1915, respectfully moves this Honorable Court to appoint/procure counsel to represent him in this case for the following reasons:

1. The plaintiff is unable to afford counsel and this Honorable Court is contemplating consolidation of two separate docketed cases and merging two cases into one;

2. The issues involved in the two cases together are complex and Plaintiff does not have ready access to an adequate law library which has limited access to current legal reference material;

3. Plaintiff is totally reliant upon a fellow inmate counsel substitute to litigate these issues in his behalf and said Inmate Counsel Substitute is unable to investigate this case, and other necessary expert witnesses or gather data due to incarceration handicap.

4. The case pertains to Retaliation of security after engaging in a protected activity in filing the previous docketed complaint concerning Excessive or Unnecessary Use of Force; both cases are related and security footage will show they have perjured themselves as to essential facts of the case. The need for obtaining/compelling discoveries, deposition of hostile witnesses, and obtaining expert witnesses all favors appointment of counsel.

5. Plaintiff prays this Honorable Court locate a pro bono attorney to facilitate prosecution of this complaint, gathering witnesses and gaining body camera footage critical to proving claims of retaliation after seeking relief from excessive use of force.

WHEREFORE, Plaintiff prays this Honorable Court GRANT this motion and locate and/or

1

WHEREFORE, Plaintiff prays this Honorable Court GRANT this motion and locate and/or appoint counsel.

Respectfully submitted on this 22nd day of May, 2023.

X _____
Andre Johnson/#375946
Louisiana State Penitentiary
Main Prison East/Magnolia-2
Angola, LA 70712

May 22, 2023
AJ/mpz

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDRE JOHNSON/#375946 | : | CIVIL ACTION |
| *Plaintiff* | : | |
| VERSUS | : | NUMBER: 3:20-CV-122-BAJ-RLB |
| | : | |
| HERMAN HOLMES, ET AL. | : | |
| *Defendants* | | |

STATE OF LOUISIANA

SS: ANDRE JOHNSON/#375946

PARISH OF WEST FELICIANA

AFFIDAVIT IN SUPPORT OF THE PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL

ANDRE JOHNSON/#375946, being duly sworn, deposes and says:

1. I am the Plaintiff in the above entitled case. I make this affidavit in support of my motion for the appointment of counsel.

2. The complaint is this case alleges that the plaintiff was subjected to excessive and/or unnecessary force in violation of the Eighth Amendment to the United States Constitution. The related case stemmed from being retaliated against after seeking ARP relief.

3. Plaintiff has filed in federal court bringing claims pursuant to 42 U.S.C. §1983; Plaintiff is unable to research, gather information, interview expert witnesses and obtain body camera security footage critical to his bid for a new trial and to show his complaint for which he suffered retaliation was clear-cut and dry violation of the U.S. 1st Amendment without competent assistance of counsel.

4. This is a complex case because it involves complex legal arguments and discoveries for two separate cases being consolidated. Extensive discoveries, expert testimony, independent examination, location and deposition of expert witnesses and other investigatory resources will be required to successfully support the claims.

5. Plaintiff has retained limited assistance from Offender Counsel Substitutes as his **only** means to prosecute this action at any stage of the proceedings and recognizes he is not legally entitled to assistance of Offender Counsel to accompany him and present the facts in his behalf at later critical stages of the proceedings.

6. The case will require discovery of documents and depositions of a number of witnesses. These discoveries will likely involve many pages of documents and securing security video camera footage from multiple locations within the prison.

7. The merits of this case, if proven, will provide a justifiable basis for liability and there exists a reasonable chance of prevailing on the merits.

8. As set forth in the Memorandum of Law submitted with this motion, these facts, along with the legal merit of the Plaintiff's claims, support the appointment of counsel to represent the plaintiff.

9. These statements are sworn as true and correct under penalty of perjury as required by 28 U.S.C. §1746.

**WHEREFORE**, the Plaintiff's motion for the appointment of counsel should be granted.

Respectfully submitted on this 22nd day of May, 2023.

Andre Johnson/#375946
Louisiana State Penitentiary
Main Prison East/Magnolia-2
Angola, LA 70712

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDRE JOHNSON/#375946 | :     CIVIL ACTION |
|          *Plaintiff* | : |
| VERSUS | :     NUMBER:   3:20-CV-122-BAJ-RLB |
| | : |
| HERMAN HOLMES, ET AL. | : |
|          *Defendants* | |

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

*Statement of the Case*

This is a civil rights case filed under 42 U.S.C. § 1983 by Andre Johnson/#375946, Plaintiff ["Mr. Johnson"], *pro se*, a state prisoner asserting claims in two separate cases this Honorable Court has contemplated consolidating involving the excessive or unnecessary force under U.S.C.A. 8 in the first case and a claim of retaliation for seeking administrative remedy procedure; engaging in a protected activity from the use of excessive force, which is a violation of the U.S.C.A. 1 in the second case.

*Statement of Facts*

Mr. Johnson is and was a state prisoner incarcerated at the Louisiana State Penitentiary at Angola, LA at all times relevant to this complaint. Mr. Johnson currently has two federal complaints filed pursuant to 42 U.S.C. §1983 against Officers Nicholas Sanders and Herman Holmes for use of excessive force, fabrication of institutional documents and retaliation for engaging in protected activities.

Both cases occurred at LSP Camp-D between 3/22/2019 and 3/24/2019. Herman Holmes and Nicholas Sanders are accused of using or concealing unnecessary/excessive force without any penological purpose. Both have fabricated stories "justifying" their use of force, complete with falsified institutional documents and both officers appear to be trying to bolster the credibility of the others false

story. However, extensive security video footage, many inmate witnesses and institutional documents are available to show that both officers used unnecessary and excessive force in both related incidents and then falsified institutional and court documents to justify their unlawful use of force for the very purpose of maliciously and sadistically inflicting pain upon Mr. Johnson in retaliation for engaging in the protected activities of reporting and pursuing grievances for relief from their unprofessional and unlawful actions.

Plaintiff has agreed to consolidate these claims praying this Honorable Court will request a volunteer attorney who is agreeable with providing assistance in prosecuting these claims because Mr. Johnson no longer has assistance from the person who was helping him previously but has since been released.

Moreover, Mr. Johnson is not knowledgeable and without adequate skill or resources in conducting to compelling production of discoveries or deposing and interviewing witnesses for obtaining competent evidence for use in summary judgment and trial. This case will eventually amount to a credibility contest and Mr. Johnson has no means to force Defendant provide the evidence they possess which substantiate Plaintiff's claims herein.

### THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues."[1] In addition, courts have suggested that the most important factor is whether the case appears to have merit.[2] Each of those factors weighs in favor of appointing counsel in this case.[3]

---

[1] Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). cert. Denied, 112 S.Ct. 1995 (1992).
[2] Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir. 1989).
[3] Plaintiff understands this Honorable Court formed a Pro Bono Board of Attorneys several years ago for this purpose and prays the Court seek an attorney who is willing to assist in gathering the information, deposing the witnesses and obtaining an independent medical examination by a diabetes specialist.

6

1. *Factual complexity.*

There exists substantial video surveillance proving the veracity of these claims and proving Defendants are aware of the problems and have refused to provide a reasonable remedy or to even punish the constitutional tortfeasors. Instead, the DPS&C has chosen to indemnify these state-actors and the DPS&C by tax-paid Attorney General's Office to defend their unconscionable acts and omissions described in this complaint and subsequent supplemental pleadings. The need to secure the presence of doctors, specialists and other medical [concerning the hernia surgery] or other issues requiring expert testimony supports the appointment of counsel.[4]

2. *Plaintiff's inability to investigate.* Plaintiff is confined within the Louisiana Department of Public Safety and Corrections (DPS&C) at the Louisiana State Penitentiary (LSP), and has not ability to investigate the facts. For example, Plaintiff has been refused access to the body camera security footage showing Defendants administering 900 grams of chemical mace without penological need and without force continuum), a factor favoring appointing counsel.[5] In addition, this case will require considerable discovery concerning the identity of witnesses, the officers' reports and doctors' statements, depositions of possibly hostile prison employees, institutional documents, and Plaintiff's medical history.[6] Plaintiff also need to secure the testimony of inmate witnesses through discoveries, interviews and depositions. This supports appointment of counsel.

3. *Conflicting testimony.* Plaintiff's account of excessive force by the named Defendants is squarely in conflict with the statements of the officers. This aspect of the case will be a credibility contest between the defendants and the plaintiff and will require documentary evidence available only through skilled requests for discoveries as can be located). The existence of these credibility issues

---

[4] Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991).

[5] Tucker v. Randall, 948 F.2d 388, 391-392 (7th Cir. 1991); Gaston v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D. Wis. 1984).

[6] Tucker v. Dickey, 613 F. Supp 1124, 1133-34 (W.D. Wis. 1985) (need for discovery supported appointment of counsel).

supports the appointment of counsel.[7] Lack of security footage was the reason Mr. Johnson was unable to convince a jury in another case in which he is currently seeking a New Trial. Prison security cameras will reveal Plaintiff was not causing a disturbance at the time Sanders arrived and shortly thereafter used unnecessary and excessive force against him in Raven Unit on 3/22//19. Available documentation will show Plaintiff complained about being slammed face first while restrained a few months earlier in Main Prison Cellblock B where Sanders previously worked by Lieutenant Derrick Davis and that Plaintiff was engaged in a protected activity pursuing a grievance in that complaint through the established ARP system. Documentation and camera footage will show Herman Holmes and Nicholas Sanders have been involved in numerous excessive force complaints by other inmates and how in most if not all these other complaints, the prisoners complaining of excessive force almost universally accused these officers of fabricating and bolstering one another's false story with false institutional records. These issues favor appointment of counsel

4. *The ability of the indigent to present his claim.* The plaintiff is an indigent prisoner with no recognized legal training, a factor that supports the appointment of counsel.[8] In addition, the Offender Counsel Substitute who helped him prepare and present all previous pleadings has been released from incarceration and returned home to society.

5. *Legal complexity.* The defendants, all of whom are either medical and/or supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable, or who may be otherwise qualified immunity. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop.[9] Plaintiff has only presented the claims and litigated this case thus far because he

---

7   Gaston v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988).
8   Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).
9   Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), cert. denied, 112 S.Ct. 1995 (1992).

8

has had assistance from Offender Counsel Substitute who has now been released and no longer available. Moreover, [after consolidation of the two cases] Mr. Johnson will be even more at a disadvantage because he will have not one but two state-funded attorneys tag-team defending these cases with all the state resources needed through the Louisiana Attorney General's Office.

6. *Merit of the Case.* Plaintiff's allegation, if proved, clearly would establish a constitutional violation. The use of excessive force by Defendants, as alleged in the complaint, clearly states an Eighth Amendment violation.[10] The allegation of retaliation for engaging in the protected conduct of seeking administrative relief through the established grievance system constitutes a violation of the First Amendment.[11] Finally, the allegation of subornation of perjury [aside from its criminal nature] constitutes a violation of 18 U.S.C. §§ 241 and 242. Production of the body camera evidence which is easily available to both counsels defending named Defendants will reveal a member of the bar deliberately using perjured testimony in allowing Officer Russ to lie on the stand to something he knew is totally false to protect his coworkers from civil liability. On its face, then, these consolidated cases are meritorious.

For the reasons set forth herein, Plaintiff respectfully requests this Honorable Court seek assistance of counsel for upcoming court appearances, video court appearances, jury trial, and other critical portions of this civil action in behalf of Mr. Johnson.

Respectfully submitted,

X _____
Andre Johnson/#375946
Louisiana State Penitentiary
Main Prison East/Mag-2
Angola, LA 70712

---

10  Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 1000 (1992).
11  Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976).

9

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

ANDRE JOHNSON/#375946 : CIVIL ACTION
   *Plaintiff* :
VERSUS : NUMBER: 3:20-CV-122-BAJ-RLB
   :
HERMAN HOLMES, ET AL. :
   *Defendants*

### ORDER

**CONSIDERING THE FOREGOING** motion, the law, the case law and the Court finds that exceptional circumstances exist in this case favoring appointment of counsel, and that the interests of fairness and justice dictate the same finding because Plaintiff is entirely without means or ability to gather information, investigate facts or procure expert services or an independent physical examination. Therefore,

**IT IS ORDERED** that Plaintiff Motion for Appointment of Counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that _____ is appointed to assist Plaintiff in the prosecution of these claims, and shall enroll as counsel within _____ days of this order.

**SIGNED** and **DECREED** on this _____ day of _____, 2023.

_____
**UNITED STATES MAG/JUDGE**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDRE JOHNSON/#375946 | : | CIVIL ACTION |
| *Plaintiff* | : | |
| VERSUS | : | NUMBER: 3:20-CV-122-BAJ-RLB |
| | : | |
| HERMAN HOLMES, ET AL. | : | |
| *Defendants* | | |

### MOTION TO CONSOLIDATE AND FOR BENCH TRIAL ON CONSOLIDATED CASES

NOW INTO COURT comes Plaintiff, Andre Johnson/#375946, *pro se*, who respectfully moves this Honorable Court to Consolidate the above titled and numbered case with Andre Johnson v. Nicholas Sanders, USDC/MDLA Docket No. 3:20-CV-158-BAJ-SDJ for the reasons set forth below. Plaintiff respectfully requests a bench trial on these consolidated cases as opposed to a jury trial.

Both cases are directly related to the same incident that occurred March 22-23, 2019 following an incident of excessive force inflicted by Nicholas Sanders in LSP Camp-D Hawk 1 Right. Security cameras will show the use of excessive force and that officer Holmes lied on his report in retaliation for reporting Sanders unlawful use of excessive force when no reason existed to use such force.

Succinctly, on 3/22/19, Mr. Johnson was suffering terrible pain from a recent hernia surgery only twelve hours earlier. Plaintiff was standing on Raven [a working cellblock] 1 Left tier merely talking with another inmate and Captain J Thompson asked me to try to make it to the checkout gate where the inmates were going to work in the field. The Raven Left Lobby camera will show Mr. Johnson peacefully trying to walk to the checkpoint [the checkout gate] when he was met by Nicholas Sanders who was immediately belligerent accusing Plaintiff of complaining too much, calling Plaintiff a "motherfucker...you don't have restraints on now" threateningly posturing himself for a physical altercation.

This statement was in relation to how Nicholas Sanders friend and coworker [Lt. Derrick Davis] had slammed Plaintiff face down while restrained in the Breezeway at the Main Prison Cell Block B

1

also accusing Mr. Johnson of complaining. These statements were perceived by Plaintiff as direct threats of imminent physical violence and caused his adrenaline to race in fear of his life, especially because he had just returned from hernia surgery and still very incapacitated from the surgery.

Nicholas Sanders repeated the no-so-veiled threat that Plaintiff was not in restraints in the direct presence of Sgt. Barnes and numerous inmates checking out to go out into the field to work. Plaintiff peacefully and calmly replied to Sanders that he was in terrible pain from the surgery twelve hours earlier and did not want any trouble. The cameras recorded Mr. Johnson lifting his shirt and showing Sanders the recent surgical incision from the inguinal hernia repaired earlier that day.

Notwithstanding, Sanders stated a third time: "You don't have on any restraints now, motherfucker!" showing Sanders was wanting to use physical force against Plaintiff for no reason. Sanders then grabbed Plaintiff roughly handling him maliciously and sadistically for the very purpose of causing pain and injury to his hernia incision without any provocation. Plaintiff requested the security footage be reviewed and preserved.

Herman Holmes apparently falsified the reports and retaliated to cover up for his supervisor, friend and coworker using such unnecessary and excessive force as set forth in this complaint, eventually using mace on Plaintiff upon a fabricated disciplinary report falsely reporting Plaintiff was suicidal and then using compulsory suicide protocols to punish Plaintiff when he was never suicidal.

Both officers were obligated to refrain from such abuse, violence and use of excessive force and to report such behavior.

This Honorable Court has found informed Plaintiff Andre Johnson/#375946 that consolidation of these two cases may be beneficial and would reduce the judicial burden on limited resources. It has also indicated that the consolidation of cases may provide opportunity to request assistance from a pro bono volunteer attorney. After much thought and consideration to this Honorable Court's recent unbiased suggestions as to consolidation, Plaintiff agrees that he could benefit from consolidation of

2

the two cases, especially is this Honorable Court assists in trying to locate a pro bono volunteer attorney willing to assist Mr. Johnson.

**WHEREFORE**, Plaintiff prays this Honorable Court GRANT this motion consolidating *ANDRE JOHNSON v. HERMAN HOLMES, ET AL.*, USDC/MDLA Docket No. 3:20-CV-122-BAJ-RLB with *ANDRE JOHNSON V. NICHOLAS SANDERS*, USDC/MDLA Docket No. 3:20-CV-158-BAJ-SDJ and that after appropriate proceedings, a bench trial be conducted. Plaintiff has requested this Honorable Court locate and/or appoint counsel in a separate Motion.

Respectfully submitted on this 22nd day of May, 2023.

Andre Johnson/#375946
Louisiana State Penitentiary
Main Prison East/Magnolia-2
Angola, LA 70712

May 22, 2023
AJ/mpz

3

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDRE JOHNSON/#375946 | : | CIVIL ACTION |
| *Plaintiff* | : | |
| VERSUS | : | NUMBER:   3:20-CV-122-BAJ-RLB |
| | : | |
| HERMAN HOLMES, ET AL. | : | |
| *Defendants* | | |

## ORDER

**CONSIDERING THE FOREGOING** Motion to Consolidate and for Bench Trial on Consolidated Cases submitted by the Plaintiff, Andre Johnson, the law, the case law and the Court finds that such action would preserve limited judicial resources and not prejudice any of the parties. Therefore,

**IT IS ORDERED** that Plaintiff Motion to Consolidate and for Bench Trial on Consolidated Cases is **GRANTED**. *ANDRE JOHNSON V. NICHOLAS SANDERS*, USDC/MDLA Docket No. 3:20-CV-158-BAJ-SDJ is consolidated with *ANDRE JOHNSON v. HERMAN HOLMES, ET AL.*, USDC/MDLA Docket No. 3:20-CV-122-BAJ-RLB.

**SIGNED in Baton Rouge, LA** on this _____ day of _____, 2023.

_____
**UNITED STATES MAG/JUDGE**

4

## CERTIFICATE OF SERVICE

I, Andre Johnson/#375946, hereby certify under penalty of perjury that a copy of the foregoing "Motion to Consolidate and for Bench Trial on Consolidated Cases," "Motion For The Appointment Of Counsel," "Affidavit In Support Of Motion For The Appointment Of Counsel," "Memorandum Of Law In Support Of Motion For The Appointment Of Counsel," has been electronically filed with the USDC/MDLA and has additionally been forwarded through U.S. Mail properly addressed to Defendants through counsel(s) of record listed below on this 22nd day of May 2023.

Andre Johnson/#375946
Louisiana State Penitentiary
Main Prison East/Magnolia-2
Angola, La. 70712

USDC/MDLA

AAG Matt
Office of the Attorney General
Department of Justice
1885 North Third St., 4TH Floor
P. O. BOX 94005
Baton Rouge, LA 70804-9005