UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANDRE JOHNSON** | : | **CIVIL ACTION NO.** |
| | : | **USM 20-122** |
| **VERSUS** | | |
| | : | **JUDGE BRIAN A. JACKSON** |
| **HERMAN HOLMES** | | |
| | : | **MAGISTRATE JUDGE** |
| | | **RICHARD L. BOURGEOIS, JR.** |
| *Consolidated with:* | | |
| | | **CIVIL ACTION NO.** |
| **ANDRE JOHNSON** | | **USM 20-158** |
| **VERSUS** | | |
| **NICHOLAS SANDERS** | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL**

**MAY IT PLEASE THE COURT:**

Defendants, Herman Holmes and Nicholas Sanders, respectfully submit the following memorandum to in opposition to Plaintiff's Motion for the Appointment of Counsel. For the reasons that follow, Plaintiff's motion should be denied.

**I. STATEMENT OF THE CASE:**

The Court has consolidated two suits by Plaintiff which allege causes of action arising out of the same common events – one against Herman Holmes (20-122) and the other against Nicholas Sanders (20-158).[1] After screening, the Court held that the only remaining claims are those for excessive force against Sanders[2] and those for retaliation against Holmes for the issuance of a false disciplinary report in retaliation for Plaintiff's filing of numerous ARPs and civil suits.[3] Both of these incidents are alleged to have occurred on March 22, 2019, and in

---

[1] R. Doc. 39.
[2] R. Doc. 40.
[3] R. Doc. 38.

relation to Defendant Sanders allegedly roughly handling Plaintiff while he was still convalescing from a hernia repair surgery. Plaintiff had previously been denied a request for the appointment of counsel in his suit against Holmes (20-122)[4], and he never sought the appointment of counsel in his suit against Sanders (20-158).

## II. LAW AND ARGUMENT:

A civil rights complainant has no inherent right to the appointment of counsel.[5] While a district court may appoint counsel to such a complainant, it must do so where there exist "exceptional circumstances."[6] Factors for the Court to consider in determining whether exceptional circumstances warrant the appointment of counsel are: 1) the type and complexity of the case; 2) the *pro se* plaintiff's ability to adequately present the case; 3) the *pro se* plaintiff's ability to investigate the case adequately; and 4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination.[7] These factor either do not exist or are inapplicable to these consolidated suits, at this time.

First, Plaintiff's claims are not legally or factually complex – he alleges excessive force against Nicholas Sanders and retaliation against Herman Holmes. More specifically, he alleges that on March 22, 2019, Defendant Sanders handled him roughly and excessively while Plaintiff was continuing to recover from a hernia surgery. He also alleges that, on the same date, Defendant Holmes issued a false disciplinary report against Plaintiff in alleged retaliation for Plaintiff's filing of numerous ARPs and lawsuits. There is little to no complexity to Plaintiff's excessive force claims. Either the amount of force utilized by Defendant Sanders was justified and appropriate to the conditions that faced him, or it was not. Similarly, either Plaintiff can

---

[4] R. Doc. 12.
[5] *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).
[6] *Id*.
[7] *Id*. at 213.

present evidence which shows that Holmes' disciplinary report was false and issued with a retaliatory motive, or he cannot. While the retaliation claim against Holmes is somewhat more complex in that it considers the more ephemeral element of the defendant's motive, the Court has already determined that this claim "is neither factually nor legally complex."[8] If the more complex claim is not sufficiently complex to warrant appointment of counsel, it is axiomatic that Plaintiff's excessive force claims is also not sufficiently complex to warrant counsel. The consolidation of these two non-complex claims does not meaningfully increase the complexity of trying them, particularly as the consolidation arguable reduces complexity by avoiding the "empty chair" problem that would arise through trying them separately.

Second, Plaintiff's ability to investigate the case is a moot factor. These consolidated matters have long-passed their respective discovery deadlines, and they are currently set for trial.[9] As such, any discovery-related arguments from Plaintiff regarding the ability to investigate the claim is irrelevant where no further discovery is to take place. Additionally, Plaintiff has already been provided with the related documentary materials related to his claims as well as additional materials not related to the claims but nevertheless sought by Plaintiff.[10]

Third, Plaintiff is adequately capable of presenting his own case. He has done so up to this point, and all that remains is trial. With respect to conducting trial, Plaintiff has recently tried a case *pro se* before the Court, the Honorable Chief Judge Shelly D. Dick presiding, through to verdict by a jury.[11] While not formally trained, Plaintiff is acquainted with the procedures, means, methods, and decorum expected of a litigator before a federal jury.

---

[8] R. Doc. 12 at p.2.
[9] It is of some note that Plaintiff argues in favor of this factor that he has been denied "…access to the body camera security footage showing Defendants administering 900 grams of chemical mace without penological need…" R. Doc. 56 at p. 7. The use of chemical agent is not alleged in these consolidated claims against either defendant.
[10] *See,* R. Doc. 21, 31, 46, 49; *see also,* civil suit 21-158 at R. Doc. 17.
[11] *See* Civil Suit 20-186.

Finally, there is no need for unusually great skill in the presentation of Plaintiff's evidence or cross-examination. Similarly, there is no contradictory evidence at issue in this case other than the expected contradictions in the versions of events that are universal in any case which contains genuine issues of material facts sufficient to require trial. There are no competing expert reports in this case or any other highly technical evidence which would *require* (rather than be simply aided or enhanced by) trained counsel.

### III. CONCLUSION:

None of the exceptional circumstances which would warrant the appointment of counsel are applicable to this matter. Plaintiff's claims lack factual or legal complexity, Plaintiff's need to investigate is mooted by the fact that the investigatory period (i.e. discovery) of these cases is over, Plaintiff has previously shown that he is adequately capable of presenting his own claims to a jury in federal court, and there is only that minimal level of contradictory evidence in the form of expected testimony between the adverse parties which is fundamentally necessary to invoke the need for a trial. For these reasons, Plaintiff's Motion for the Appointment of Counsel should be denied.

                **JEFF LANDRY**
                **ATTORNEY GENERAL**

BY:   /s/ *Matthew P. Roth*
        Matthew P. Roth (#37527)
        Assistant Attorney General
        **Louisiana Department of Justice**
        Litigation Division, Civil Rights Section
        1885 North Third Street, 4th Floor
        Post Office Box 94005 (70804-9005)
        Baton Rouge, Louisiana 70802
        Telephone:   225-326-6300
        Facsimile:    225-326-6495
        E-mail:       rothm@ag.louisiana.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system and that a copy of the foregoing was served on the *pro se* plaintiff by depositing same in the United States mail, properly addressed and first class postage prepaid, on May 30, 2023.

    Andre Johnson, DOC #375946
    Louisiana State Penitentiary
    Angola, Louisiana 70712

                         /s/ *Matthew P. Roth*
                            Matthew P. Roth