# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANDRE JOHNSON (#375946)**                    **CIVIL ACTION**

**VERSUS**

**HERMAN HOLMES & NICHOLAS**            **NO. 20-00122-BAJ-RLB**
**SANDERS**

## RULING AND ORDER

This is a *pro se* prisoner action brought under 42 U.S.C. § 1983. Plaintiff is currently confined at the Louisiana State Penitentiary in Angola, Louisiana. (*See* Doc. 1 at p. 3). On March 3, 2020, Plaintiff filed a Complaint alleging, *inter alia*, that Defendant Herman Holmes fabricated a disciplinary report against him in retaliation for Plaintiff's filing of numerous Administrative Remedy Procedure[1] grievances against prison officials. (*See id.*). Plaintiff further claims that Holmes issued this false disciplinary report to "cover up" the use of excessive force by Defendant Nicholas Sanders during an incident on March 22, 2019. (*See* Doc. 1 at pp. 4–5). On March 16, 2020, Plaintiff filed a separate suit against Sanders alleging, *inter alia*, a claim for use of excessive force during the alleged March 22, 2019 incident. (*See* Case No. 20-158, Doc. 1 at p. 6).

On March 8, 2023, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court dismissed most of Plaintiff's claims, leaving only his retaliation claim against Holmes

---

[1] Before filing a suit in federal or state court, Louisiana prisoners are *required* to participate in the prison's Administrative Remedy Procedure, "a formal grievance mechanism…through which an offender may seek formal review of a complaint which relates to any aspect of his incarceration." LA. ADMIN. CODE tit. 22 § I-325 (2023).

and use of excessive force claim against Sanders. (Doc. 38; Case No. 20-158, Doc. 24). The Court then consolidated the cases after concluding that Plaintiff's separate suits against Holmes and Sanders (hereinafter, **"Defendants"**) involved common questions of law and fact and that judicial efficiency would be achieved. (Doc. 39).[2]

Now before the Court is Plaintiff's re-urged **Motion for the Appointment of Counsel (Doc. 56).**[3] The Motion is opposed. (Doc. 58). In his Motion, Plaintiff asks the Court to appoint Counsel to represent him because: 1) the facts in the case are complex and require expert testimony; 2) he lacks the ability to investigate the facts in the case; 3) there is conflicting testimony; 4) the inmate counsel who was assisting him with the case is no longer incarcerated and thus unavailable; 5) the case is legally complex, especially now that the separate suits have been consolidated; and 6) his claims are meritorious. (*See* Doc. 56 at pp. 7–9). In opposition, Defendants argue that: 1) Plaintiff's claims are not legally or factually complex and consolidation did not meaningfully increase the case's complexity; 2) Plaintiff's ability to investigate the case is a moot factor because the discovery deadlines have long elapsed; 3) Plaintiff is adequately capable of presenting his own case because he has done so up to this

---

[2] The Court notes that in his Motion, Plaintiff writes: "this Honorable Court is *contemplating* consolidation of two separate docketed cases and merging two cases into one." (*See* Doc. 56 at p. 1) (emphasis added). However, as noted at Doc. 39, the Court consolidated Plaintiff's separate cases against Holmes and Sanders on March 8, 2023.

[3] Plaintiff's pleading also includes a "Motion to Consolidate and for Bench Trial on Consolidated Cases," which moves the Court to consolidate the cases (which, as noted in footnote 1, the Court has already ordered *sua sponte*) and to convert the jury trial in this matter to a bench trial. (*See* Doc. 56 at pp. 11–15). However, the Court expressly instructed the Parties that "there is no need to submit the other motions or pleadings discussed at the status conference. After the Court considers Plaintiffs renewed Motion to Appoint Counsel, deadlines for the other motions and objections discussed at the status conference will follow as necessary." (*See* Doc. 55). Accordingly, the "Motion to Consolidate and for Bench Trial on Consolidated Cases" will be denied without prejudice to Plaintiff's re-urging, if necessary.

point and recently represented himself during the jury trial of another case; and 4) "there is no need for unusually great skill in the presentation of Plaintiff's evidence or cross-examination." (*See* Doc. 58 at pp. 2–4).

"A civil rights complainant has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). "A trial court is not required to appoint counsel for an indigent plaintiff asserting an action under 42 U.S.C. § 1983 unless the case presents exceptional circumstances." *Branch v. Cole*, 686 F.2d 264,265 (5th Cir. 1982). However, "[a] federal court has *discretion* to appoint counsel if doing so would advance the proper administration of justice." *Ulmer*, 691 F.2d at 213 (*citing* 28 U.S.C. § 1915(d) (1976)) (emphasis added). "The district court has considerable discretion to grant or deny a motion to appoint counsel, but the court must consider several factors." *Calloway v. Webb*, 248 F.3d 1143, 2001 WL 184833 at *1 (5th Cir. 2001). These include:

1. the type and complexity of the case;
2. the petitioner's ability to adequately present and investigate his case;
3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in [a] just determination.

*Id.* (*citing Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

At an earlier stage of this litigation, the Magistrate Judge denied Plaintiff's Motion for Appointment of Counsel and Emergency Motion for Appointment of Counsel. (Docs. 3, 10). In so ruling, the Magistrate Judge wrote, "the exceptional circumstances requiring the appointment of counsel are not apparent *at this time*." (*See* Doc. 12 at p. 2) (emphasis added). But since then, several developments have

3

changed the landscape of the case, thus warranting a fresh analysis and a different result.

First, the Court has evaluated the merits of Plaintiff's claims, considered Defendant's counterarguments, and determined that two of Plaintiff's claims should survive dismissal. Although the merits of Plaintiff's claims are not a factor that the Court *must* consider under *Ulmer* and its progeny, plausibility is a hurdle that indigent plaintiffs must clear before counsel can be appointed. *See Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("First, an indigent plaintiff is ineligible for appointment of counsel unless the district court determines that his claims meet a threshold level of plausibility.").

The second new development is that the Court has consolidated Plaintiff's separate suits against Holmes and Sanders. Although Defendants argue that consolidation did not meaningfully increase the case's complexity, the Court disagrees. Rather than focus on one defendant and the legal elements of one claim at trial, Plaintiff must now contend with two defendants and the different elements of the claims he has asserted against them. Not only does this change the complexity of the case, but it also impacts Plaintiff's ability to adequately present his case. On this point, Defendants argue that Plaintiff recently represented himself in a jury trial that also involved two defendants. (*See* Doc. 58 at p. 3). However, although the other case also involved two defendants and two claims, Plaintiff's claims as to each defendant was the same—use of excessive force. (*See* Case No. 20-186, Doc. 1). Here, the Court finds that the additional claim of retaliation calls into question Plaintiff's ability to

adequately present his case at trial.

The third new development is that Defendants have noticed the Court of their intent to call several of Plaintiff's treatment providers to testify at trial. (Doc. 50). Although these providers will be offered as lay witnesses and not experts, they will still testify about treatment they provided to Plaintiff, including "information within [Plaintiff's medical] records which may require the knowledge and training of a medical doctor." (*See* Doc. 50 at p. 1). These records include "terms of art, technical terms, [and] common abbreviations used in [ ] medical records." (*See id.*). Plaintiff objects to the testimony of these witnesses and calls into question their veracity. (*See* Doc. 51 at pp. 1–2). Thus, contrary to Defendants' assertions, there *is* conflicting testimony in this case beyond "the expected contradictions in the versions of events that are universal in any case which contains genuine issues of material facts sufficient to require trial." (*See* Doc. 58 at p. 4). This, coupled with the technical aspect of the treatment providers' proposed testimony, leads the Court to conclude that skill will be required in Plaintiff's presentation of evidence and cross-examination. Consequently, this factor also weighs in favor of appointing Counsel to represent Plaintiff.

Finally, given these developments in the case, the Court believes that appointing Counsel to represent Plaintiff in this matter would advance the proper administration of justice and will benefit Plaintiff, the Court, and Defendants. Among other things, Counsel will be able to "shape the examination of witnesses...thus shortening the trial." *Ulmer*, 691 F.2d at 213.

For the reasons discussed herein, the Court elects to exercise its discretion to appoint Counsel to represent Plaintiff in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for the Appointment of Counsel (Doc. 56 at pp. 1–10)** is hereby **GRANTED.** The Court will identify and appoint an attorney to represent Plaintiff in this matter in due course.

**IT IS FURTHER ORDERED** that the jury trial in the above-captioned matter, currently scheduled for June 26–27, 2023, is **CONTINUED WITHOUT DATE.** After appointing Counsel to represent Plaintiff, the Court will set a status conference to discuss the status of this matter and select a new trial date.

**IT IS FURTHERED ORDERED** that Plaintiff's **Motion to Consolidate and for Bench Trial on Consolidated Cases (Doc. 56 at pp. 11–15)** is **DENIED WITHOUT PREJUDICE.**

Baton Rouge, Louisiana, this 15th day of June, 2023

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**